**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re:                                                                 ) | |
| )                                                                      | Chapter 11 |
| THE FINOVA GROUP INC., FINOVA CAPITAL            ) | |
| CORPORATION, FINOVA (CANADA) CAPITAL           ) | Case Nos. 01-0697 (PJW) |
| CORPORATION, FINOVA CAPITAL, PLC,                    ) | through 01-0705 (PJW) |
| FINOVA LOAN ADMINISTRATION INC.,                     ) | Jointly Administered |
| FINOVA MEZZANINE CAPITAL INC., FINOVA         ) | |
| PORTFOLIO SERVICES, INC., FINOVA                        ) | |
| TECHNOLOGY FINANCE, INC., AND                          ) | |
| FINOVA FINANCE TRUST,                                            ) | |
| )                                                                      | |
| Debtors.          ) | |
| )                                                                      | |
| _____) | |
| TELTRONICS, INC.,                                                     ) | |
| )                                                                      | |
| Plaintiff,          ) | |
| )                                                                      | Adv. Pro. No._____ |
| vs.                     ) | |
| )                                                                      | |
| FINOVA MEZZANINE CAPITAL INC.,                        ) | |
| FGC HOLDINGS LIMITED,                                         ) | |
| )                                                                      | |
| Defendants.          ) | |

**COMPLAINT OF TELTRONICS, INC. IN ADVERSARY**
**PROCEEDING TO ENFORCE CONSUMMATION OF**
**CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1142(b)**

Teltronics, Inc. ("Teltronics"), by and through its attorneys, Smith, Katzenstein &

Furlow, LLP, respectfully files this Complaint (the "Complaint") against Finova Mezzanine

Capital Inc. ("Finova") and FGC Holdings Limited ("FGC").  Finova and FGC are hereinafter

collectively referred to as the Defendants.  Teltronics hereby alleges as follows:

**I. JURISDICTION AND VENUE**

1.       The United States Bankruptcy Court District of Delaware has jurisdiction of this

adversary proceeding pursuant to 11 U.S.C. §1142(b).

2. This adversary proceeding is a "core" proceeding to be heard and determined by the United States Bankruptcy Court.

3. Venue is appropriate before the United States Bankruptcy Court District of Delaware because the Chapter 11 Bankruptcy Petitions and cases involving The Finova Group, Inc., Finova Capital Corporation, Finova (Canada) Capital Corporation, Finova Capital, PLC, Finova Loan Administration Inc., Finova Mezzanine Capital Inc., Finova Portfolio Services, Inc., Finova Technology Finance, Inc. and Finova Finance Trust ("Debtors") have been heard and reviewed by the United States Bankruptcy Court District of Delaware.

## II. PARTIES

4. Teltronics is the Plaintiff in this action and is a Delaware corporation with offices at 2150 Whitfield Industrial Way, Sarasota, FL  34243-4046.

5. Upon information and belief, "The Finova Group, Inc." is the parent corporation of Finova.

6. The Debtors filed a joint Chapter 11 Bankruptcy Petition before this Court.

7. Upon information and belief, FGC is an Ontario, Canada corporation which purportedly purchased 12,625 shares of Series B Preferred Stock of Teltronics ("Series B Preferred Stock") which was owned by Finova.

## III. FACTUAL BACKGROUND

8. On or around August 10, 2001, an Order confirming the Third Amended and Restated Joint Plan of Reorganization of Debtors under Chapter 11 of the Bankruptcy Code was confirmed by this Court ("Confirmation Order").

9. The Confirmation Order required the Debtors to fully and completely comply with and abide by the terms of the Third Amended and Restated Joint Plan of Reorganization of

Debtors under Chapter 11 of the Bankruptcy Code ("Chapter 11 Plan"), the Disclosure Statement previously prepared and filed by Debtors in the Debtors' Chapter 11 proceeding ("Disclosure Statement") and the Confirmation Order.

10. The Chapter 11 Plan and the Disclosure Statement required the Debtors to maximize the value of their securities portfolio owned by them through orderly liquidation.

11. In early 2004, Finova held and owned as part of its securities portfolio the Series B Preferred Stock, 890,000 warrants of Teltronics, Inc. ("Warrants") and 257,800 shares of common stock of Teltronics, Inc. ('Common Stock").  The Series B Preferred Stock, the Warrants and the Common Stock are hereinafter collectively referred to as the "Securities."

12. On or around April 2004, the President of Teltronics, Ewen Cameron, held several conversations with Joseph Agnetta, a corporate officer of one or more of the Debtors, concerning the possibility that Tri-Link Technologies, Inc. and/or its affiliates, including Mr. Samuel Ifergan ("Tri-Link"), might approach Debtors concerning the possibility of purchasing the Series B Preferred Stock, the Warrants, and the Common Stock.

13. Mr. Cameron advised Mr. Agnetta that Teltronics was in litigation with Tri-Link and that Tri-Link was hostile to and would not be acting in the best interests of the shareholders of Teltronics, including Finova, if a transaction for any or all of the Securities of Teltronics owned by Finova was consummated.

14. Mr. Agnetta assured Mr. Cameron that Finova had no interest in harming Teltronics and would keep Mr. Cameron advised of any decision by Finova to liquidate or sell the Series B Preferred Stock, the Warrants and/or the Common Stock.

15. In May and early June of 2004, Mr. Cameron was working closely with Mr. Agnetta in order to arrange for final payment of the remaining debt obligations owed by

Teltronics to Finova and asked Mr. Agnetta to determine the terms under which Finova would be prepared to agree to a redemption of the Series B Preferred Stock by Teltronics.

16.    Mr. Agnetta advised Mr. Cameron to defer discussions at that time until the debt obligations were fully paid at which time Mr. Cameron reiterated his concern that any purchase of the Series B Preferred Stock by an affiliate or party related to Tri-Link would not be in the best interests of Teltronics and would likely cause serious harm to Teltronics.

17.    In August 2004, Teltronics repaid the entire balance of the debt owed by it to Finova and offered additionally to purchase the Series B Preferred Stock from Finova for $250,000.00 plus the accrued but unpaid dividends with interest (which amounted to approximately $168,261.00) ("Teltronics' Offer").  The Teltronics' Offer, if accepted, would have resulted in payment to Debtors of approximately $418,261.00 and would have given Debtors the opportunity to retain the Warrants and Common Stock knowing that a group hostile to Teltronics would not be in a position to negatively impact the value of the Warrants and Common Stock.

18.    In late September 2004, without any prior notice to Teltronics, Finova executed documents to purportedly transfer the Series B Preferred Stock to FGC (which is, upon information and belief, an entity affiliated with or related to Tri-Link) for a price of $180,000.00 with all rights to accrued but unpaid dividends (the "Transfer").

19.    Upon information and belief, the Creditors Committee(s) of the Debtors was not advised of the Teltronics' Offer prior to the Transfer, even though the Teltronics' Offer was made prior to the Transfer and would have resulted in an additional $238,261.00 to Finova.

20.    Upon information and belief, the Transfer was not approved of or authorized by the United States Bankruptcy Court District of Delaware.

21.     The Transfer was in violation of the terms of the Confirmation Order, the Disclosure Statement and the Chapter 11 Plan that required Debtors to maximize the value of their securities portfolio owned by them in any liquidation of their securities portfolio.

**IV.     AS AND FOR A FIRST CAUSE OF ACTION, FINOVA HAS VIOLATED THE CONFIRMATION ORDER, DISCLOSURE STATEMENT AND CHAPTER 11 PLAN REQUIRING THE COURT'S INVOLVEMENT TO ENFORCE THE CONFIRMATION ORDER, DISCLOSURE STATEMENT AND CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. §1142(b)**

22.     Teltronics incorporates herein the allegations set forth in all the above preceding paragraphs in their entirety as fully set forth herein.

23.     Finova and FGC have violated and have conspired to violate the terms of the Confirmation Order, the Disclosure Statement and the Chapter 11 Plan requiring Finova to maximize the value of its securities portfolio, including the Securities.

24.     Finova and FGC have damaged the value of the Warrants and Common Stock by placing the Series B Preferred Stock in the hands of a transferee affiliated with or related to an entity hostile to Teltronics.

25.     By approving and/or executing the Transfer, Finova and FGC have damaged Teltronics.

26.     By approving and/or executing the Transfer, Finova and FGC have not acted in the best interest of creditors as they have deprived creditors of funds that might have been made available to them had Finova accepted the Teltronics' Offer.

27.     Under the authority of and in accordance with Section 11 U.S.C. §1142(b), the Transfer should be set aside and reversed in its entirety and Finova should be directed to accept Teltronics' Offer so that Finova will be in compliance with the terms of the Confirmation Order, Disclosure Statement and Chapter 11 Plan.

WHEREFORE, Teltronics, Inc. respectfully requests an Order of this Court:

1. Setting aside and reversing the Transfer.

2. Requiring Finova to accept the Teltronics' Offer.

3. Setting aside and reversing the transfer of the shares.

4. Restraining and enjoining the Transfer pending the final disposition of the relief requested in the Complaint.

5. For such other and further relief as the Court deems just and proper.

Dated:   November 23, 2004          SMITH, KATZENSTEIN & FURLOW, LLP


/s/ Kathleen M. Miller
Kathleen M. Miller (#2898)
The Corporate Plaza
800 Delaware Avenue; Floor 7
Wilmington, Delaware  19801
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Email:  Kmiller@skfdelaware.com

and

John N. Blair
Christopher Porter
BLAIR & ROACH, LLP
2645 Sheridan Avenue
Tonawanda, NY  14150
Telephone: (716) 834-9181
Facsimile:  (716) 834-9197

Attorneys for Teltronics, Inc.